IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SAVINO BRAXTON, | No. 4:21-CV-01890 |
| Petitioner, | (Chief Judge Brann) |
| v. | |
| STEPHEN SPAULDING, | |
| Respondent. | |

MEMORANDUM OPINION

JULY 25, 2022

Petitioner Savino Braxton, an inmate confined at the Federal Prison Camp, Lewisburg, filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. He challenges the decision by the Federal Bureau of Prisons (BOP) denying his request for home confinement under the Elderly Offender Home Detention Pilot Program (EOHDPP or "the Program") as amended by the First Step Act (FSA).[1] For the reasons that follow, the Court will deny Braxton's Section 2241 petition.

I. **BACKGROUND**

Braxton is currently serving a 14-year sentence imposed by the United States District Court for the District of Maryland for possession with intent to distribute

---

[1] Pub. L. 115-391, § 603; 132 Stat. 5194, 5238 (2018); *see also* 34 U.S.C. § 60541 (2018).

one kilogram or more of heroin.[2] His projected release date, based on good conduct time, is August 16, 2024.[3]

Braxton avers that, in July 2021, he appeared before his "UT" for the BOP's regular 6-month classification evaluation.[4] According to Braxton, it was during this evaluation that he first learned that he had been given an "Elderly Offender 2/3 release date" of December 1, 2021, pursuant to the FSA.[5] Braxton, however, claims that his UT "verbally advised" him that the warden would not process his December 1, 2021 elderly offender release date due to Braxton's prior convictions for crimes of violence.[6]

Braxton first attempted to informally resolve the issue,[7] and then initiated the formal BOP administrative remedy process on October 1, 2021.[8] Following several minor procedural deficiencies, Respondent—Warden Stephen Spaulding—denied Braxton's administrative request on October 25, 2021.[9] In his denial, Warden Spaulding noted that, under the First Step Act's EOHDPP, Braxton would be eligible for home confinement on December 1, 2021, but that because he had

---

[2] *See United States v. Braxton*, No. 1:09-CR-00478-JKB, Doc. 190 (D. Md. Nov. 3, 2015). In August 2020, Braxton's original 20-year sentenced was reduced to 162 months (plus an unchanged consecutive 6-month sentence for summary contempt at trial) pursuant to Braxton's motion for compassionate release. *See id.*, Docs. 331, 332 (D. Md. Aug. 11, 2020).
[3] Doc. 11-1 at 3, 4.
[4] Doc. 2 at 3.
[5] *Id.* at 3-4.
[6] *Id.* at 4.
[7] *See* Doc. 2-2 at 1-2.
[8] Doc. 2-2 at 3-4; Doc. 11-1 at 32.
[9] Doc. 2-2 at 5.

prior convictions for crimes of violence in 1976 and 1977,[10] he did not meet the criteria for early release to home confinement under the Program.[11]

Braxton appealed to the Regional Director, who denied Braxton's appeal on December 30, 2021.[12] In this denial, the Regional Director set forth the applicable BOP guidance and concluded that there was no error when it was determined that Braxton was "ineligible for home confinement based on [his] prior convictions for a crime of violence."[13]

Braxton appealed to final review with the General Counsel on February 9, 2022.[14] General Counsel denied Braxton's appeal on March 24, 2022 (but that denial apparently was not communicated to Braxton until April 25, 2022).[15] General Counsel acknowledged Braxton's argument that denying his eligibility for the Program based on prior convictions was an alleged "ex post facto" violation.[16] That argument, however, was rejected, and the appeal was ultimately denied.[17]

Prior to fully exhausting his administrative remedies, Braxton filed the instant Section 2241 petition. After extensive briefing and record supplementation, the petition is ripe for review.

---

[10] Warden Spaulding noted that Braxton had a 1975 conviction for robbery and a handgun violation, and a 1976 conviction for assault with intent to murder. Doc. 2-2 at 5.
[11] *Id.*
[12] *See* Doc. 20-1 at 53.
[13] *Id.*
[14] *Id.* at 7 ¶ 16.
[15] *See* Doc. 25-1 at 2.
[16] *Id.*
[17] *Id.*

## II. DISCUSSION

Braxton's argument is difficult to follow. He appears to contend that certain portions of the 2018 FSA which expanded the EOHDPP (1) constitute an unconstitutional bill of attainder and (2) violate the constitution's prohibition against ex post facto laws. Neither of Braxton's arguments has merit.

### A. Jurisdiction

A habeas petition brought under 28 U.S.C. § 2241 must challenge the fact or duration of confinement or the execution of a prisoner's sentence.[18] Braxton's petition, however, appears to challenge the BOP's discretionary determination that he is ineligible for the Program. It is unclear whether denial of home confinement to an elderly inmate under the EOHDPP amounts to the "execution" of a sentence, and thus it is questionable whether this Court has jurisdiction to entertain Braxton's Section 2241 petition.[19] Assuming that jurisdiction lies because Braxton is challenging the validity of certain federal statutes, Braxton's claims fail on the merits.

---

[18] *See Cardona v. Bledsoe*, 681 F.3d 533, 535 (3d Cir. 2012) (citing *Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235, 241 (3d Cir. 2005)).

[19] *See Bloom v. United States*, No. 19-cv-21982, 2021 WL 1382335, at *5 (D.N.J. Apr. 13, 2021) (finding lack of jurisdiction for Section 2241 challenge to BOP's sex-offender designation because it did not affect fact, duration, or execution of sentence). *But see Carreras v. United States*, 446 F. App'x 514 (3d Cir. 2011) (permitting Section 2241 challenge to decision by BOP—implicating statutory interpretation—to deny prisoner's eligibility for placement in EOHDPP under Second Chance Act).

B.     **Bill of Attainder**

Braxton first asserts that the Section 603 of the FSA and 34 U.S.C. § 60541, in combination, are a "prohibited bill of attainder" because they "presume [his] guilt before he could or can exercise due process in the matter and punishes him"—by denying him EOHDPP eligibility—"for purported crimes or conducts he allegedly committed some 45 and 46 years ago" that are "unrelated to his instant nonviolent drug offense."[20] He argues that 34 U.S.C. § 60541(g)(5)(A)(iii), which excludes elderly offenders who have a past conviction for, *inter alia*, a "crime of violence," is an unconstitutional bill of attainder because it prohibits him from obtaining early release to home confinement for his current offense of incarceration.[21] Braxton is incorrect.

A bill of attainder is "a legislative Act which inflicts punishment on named individuals or members of an easily ascertainable group without a judicial trial."[22] The Supreme Court of the United States has identified three requirements for establishing that a challenged statute is a prohibited bill of attainder: "specification of the affected persons, punishment, and lack of a judicial trial."[23] Among other infirmities, Braxton's claim regarding the constitutionality of Section 60541(g)(5)(A)(iii) fails because that requirement does not "inflict" punishment.

---

[20]   Doc. 2 at 7.
[21]   *Id.* at 8.
[22]   *United States v. O'Brien*, 391 U.S. 367, 384 n.30 (1968).
[23]    *Selective Serv. Sys. v. Minn. Pub. Interest Research Grp.,* 468 U.S. 841, 847 (1984).

One of the key factors in determining if a statute inflicts punishment is whether it "can reasonably be said to further nonpunitive goals."[24] The exclusion of violent offenders from early release programs is quite plainly a legitimate, nonpunitive legislative goal.

Braxton is also wrong when he claims that Section 60541(g)(5)(A)(iii) "enforces longer terms of imprisonment" on inmates like him with prior crime-of-violence convictions. Section 60541(g)(5)(A)(iii) does no such thing. Braxton's sentence of conviction remains unchanged regardless of whether he is eligible for release on home confinement under the Program, as that is simply a matter of *where* Braxton serves the remainder of his sentence. Accordingly, Braxton's bill of attainder argument does not warrant habeas relief.

### C. Ex Post Facto Clause

Braxton also claims that Section 60541(g)(5)(A)(iii) violates the Ex Post Facto Clause of the constitution.[25] He asserts that previous statutory versions of the Program did not contain the restriction concerning prior crimes of violence, and thus the new version implemented by the FSA constitutes an ex post facto law. Again, Braxton is mistaken.

The inquiry for an ex post facto challenge has two prongs: "(1) whether there was a change in the law or policy which has been given retrospective effect,

---

[24] *Id.* at 853-54.
[25] U.S. CONST. art. I, § 10, cl. 1.

6

and (2) whether the offender was disadvantaged by the change."[26]  Braxton cannot meet the first prong, and thus the inquiry is at an end.

The qualification for early release to home confinement with which Braxton takes issue—that is, the requirement in subsection (g)(5)(A)(iii) that the elderly offender not have a prior crime-of-violence conviction—has remained unchanged since inception of the Program with the Second Chance Act.[27]  Thus, at the time of Braxton's indictment (2009), conviction (2015), sentencing (2015), resentencing (2020), and request for early release to home confinement (2021), there has been no change in the language of subsection (g)(5)(A)(iii).  That provision has always precluded elderly offenders with a prior "Federal or State crime of violence" from participation in the Program.  If there has been no change in the law, there is no possibility of an Ex Post Facto Clause violation.  Because Braxton cannot meet the first prong of the ex post facto inquiry, his claim fails.

### D. FSA Earned Time Credit and CARES Act Challenges

To the extent that Braxton attempts to append entirely different habeas challenges in his supplemental filings, the Court declines to address these claims.  For example, Braxton, in a motion for leave to supplement,[28] proffers an entirely new claim regarding the BOP's denial of earned time credits under the FSA.  This

---

[26] *Richardson v. Pa. Bd. of Prob. & Parole*, 423 F.3d 282, 287-88 (3d Cir. 2005).
[27] *Compare* 42 U.S.C. § 17541(g)(5)(A)(iii) (2008), *with* 42 U.S.C. 17541(g)(5)(A)(iii) (2015) *and* 34 U.S.C. § 60541(g)(5)(A)(iii) (2017) *and* 34 U.S.C. § 60541(g)(5)(A)(iii) (2018).
[28] *See* Doc. 17.

claim was not raised in Braxton's habeas petition, nor does it appear to have been exhausted through the BOP's administrative remedy process.[29] Accordingly, Braxton's "motion for leave to supplement with addendum to show cause" will be denied. Braxton may, if desired, raise such claims in a separate Section 2241 petition following proper administrative exhaustion thereof.

### III. CONCLUSION

Braxton's statutory challenges to the Elderly Offender Home Confinement Pilot Program under the FSA are meritless. Therefore, the Court will deny Braxton's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The Court will likewise deny Braxton's motion to supplement.

An appropriate Order follows.

              BY THE COURT:

              *s/ Matthew W. Brann*
              Matthew W. Brann
              Chief United States District Judge

---

[29] *See* Doc. 19.